[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-13168

Non-Argument Calendar

————————————————

JESSICA GRAULAU,

Plaintiff-Appellant,

*versus*

CREDIT ONE BANK, N.A.,
a foreign corporation,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cv-01723-WWB-EJK

_____

Before JORDAN, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

Jessica Graulau, proceeding pro se,[1] appeals the district court's denial of (1) her motion to vacate an arbitration award and (2) her motion to correct or modify the award on defendant Credit One Bank, N.A.'s counterclaim, pursuant to 9 U.S.C. §§ 10 and 11 of the Federal Arbitration Act.[2]

## I.

Sections 10 and 11 of the FAA provide its exclusive grounds for vacatur and modification of arbitration awards. *Hall St. Assocs.,*

---

[1] While we construe pro se pleadings liberally, such liberal construction "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation marks omitted). Additionally, even pro se litigants will be deemed to have abandoned a claim by making only passing reference to it, raising it in a perfunctory manner without supporting arguments and authority, or referring to it only in the "statement of the case" or "summary of the argument," or where the references to the issue are mere background to the appellant's main arguments. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014).

[2] In reviewing the district court's denial of a motion to vacate or modify an arbitration award, we review the district court's findings of fact for clear error and its legal conclusions de novo. *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010). "There is a presumption under the FAA that arbitration awards will be confirmed, and federal courts should defer to an arbitrator's decision whenever possible." *Id.* (quotation marks omitted). As such, "a court's confirmation of an arbitration award is usually routine or summary." *Cat Charter, LLC, v. Schurtenberger*, 646 F.3d 836, 842 (11th Cir. 2011) (quotation marks omitted).

23-13168                Opinion of the Court                3

*L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008).  Section 10 of the FAA allows a district court to vacate an arbitration award only in the following narrow circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).  We have held that, in light of *Hall Street*, the "judicially-created bases for vacatur" formerly recognized, such as where an arbitrator behaved in manifest disregard of the law, are no longer valid.  *Frazier*, 604 F.3d at 1321, 1323–24; *see also Southern Commc'ns Servs., Inc. v. Thomas*, 720 F.3d 1352, 1358 (11th Cir. 2013) ("In light of the [Supreme] Court's decision in *Hall Street*, we held that the 'judicially-created bases for vacatur' that we had formerly recognized, such as where an arbitrator behaves in manifest disregard of the law, 'are no longer valid.'  Nor is an 'incorrect legal

conclusion . . . grounds for vacating or modifying an award.'") (citations omitted).

Here, the district court did not err in denying Graulau's motion to vacate because she fails to establish any of the four narrow circumstances justifying vacatur as provided by FAA § 10. *See* 9 U.S.C. § 10(a)(1)–(4). While she argues that the arbitrator exceeded his powers under FAA § 10(a)(4) by disregarding applicable federal and state law, that argument is untenable, as we have repeatedly held post-*Hall Street* that manifest disregard of the law is a judicially-created basis for vacatur, and that such judicially-created bases are no longer valid grounds for vacating or modifying an arbitration award in cases brought under the FAA. *Frazier*, 604 F.3d at 1323–24; *Southern Commc'ns Servs.*, 720 F.3d at 1358. She also mentions the arbitrator's "misconduct/misbehavior" and "clear partiality with bias" against her in what appears to be an attempt to assert an entitlement to relief under FAA § 10(a)(2) and (3). But she cites no authority and makes no argument as to why she would be entitled to relief on those grounds and has thus abandoned any argument as to them. *Sapuppo*, 739 F.3d at 681–82. Because Graulau failed to raise any valid challenges to the arbitrator's decision, we affirm the district court's denial of her motion to vacate.

## II.

Section 11 of the FAA, in turn, provides that a district court may correct or modify an arbitration award in three circumstances:

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the

description of any person, thing, or property referred to in the award.

(b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11.

Here, the district court also did not err in denying Graulau's motion to correct or modify the arbitration award on Credit One's counterclaim. As the court found and the record makes clear, Graulau's argument that the arbitrator awarded upon a matter not submitted to him is untenable because Credit One's counterclaim was expressly submitted to him. *See* 9 U.S.C. § 11(b). And, as already explained, her argument that the arbitrator's award was "imperfect" based on his disregard of applicable laws remains meritless and is also likely abandoned based on her failure to cite any authority in support of that position. *Sapuppo*, 739 F.3d at 681–82; 9 U.S.C. § 11(c).

### III.

Because Graulau can establish no valid bases upon which to vacate or modify of the arbitration award, we affirm.

**AFFIRMED.**